IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RICHARD RAINEY                                                                  PLAINTIFF

V.                                                                      NO. 4:11CV091-P-S

CHRISTOPHER EPPS                                                            DEFENDANTS

REPORT AND RECOMMENDATION

On November 9, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections ("MDOC"), appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under to 42 U.S.C. § 1983.

In his complaint, the plaintiff complained that defendant Hayes, a counselor at the prison, yelled at him using profanity and derogatory remarks about the plaintiff's disability. At the *Spears* hearing, the plaintiff explained that he is missing his left leg. On April 20th, the plaintiff attended a therapy session. He interrupted the group and asked to speak with Hayes about a Rule Violation Report she had authored against him previously. The plaintiff's interruption caused Hayes' unprofessional verbal tirade. He claims that the verbal attack left him depressed, forcing him to seek medical treatment. The plaintiff was given antidepressant medication. The plaintiff is seeking monetary damages for this perceived constitutional violation.

VERBAL THREATS

A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, the plaintiff's complaint concerning verbal threats or unprofessional conduct by a defendant Hayes is not worthy of § 1983 relief. *See Taylor v. Milton*, No. 04-

60569, 2005 WL 352637 at * 1, (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury).

To the extent the plaintiff is seeking to recover based upon his mental suffering which was allegedly caused by the verbal assault, his claim also fails. A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L. Ed. 2d 156 (1992). *Winding v. Sparkman*, No. 10-60633, 2011 WL 1659571 at *1 (5th Cir. Apr. 28, 2011) (the absence of a physical injury precludes damages for emotional distress); *Galada v. Payne*, No. 10-60731, 2011 WL 1364215 at *2 (5th Cir. Apr. 11, 2011) (pretrial detainee alleged no physical injuries, thus precluded from seeking damages for mental or emotional distress); *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) (plaintiff, without a physical injury, not allowed damages for emotional distress arising out of unequal enforcement of policy regarding cell restriction).

Here, the plaintiff has not alleged anything beyond the purported mental stress brought about by a verbal tirade against him. There is no physical injury. Accordingly, the plaintiff has failed to state a claim and defendant Hayes should be dismissed.

RESPONDEAT SUPERIOR

At the *Spears* hearing, the plaintiff admitted that defendant Epps was being sued for his position as Commissioner of the Mississippi Department of Corrections. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against defendant Epps and he should be dismissed.

CONCLUSION

It is the recommendation of the undersigned, therefore, that all defendants and the claim against them be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 9th day of November, 2011.

    /s/ David Sanders
UNITED STATES MAGISTRATE JUDGE